IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QADRIYYAH SABREEN EL' AMIN BNT ABDULLAH BEY,<br><br>        Plaintiff,<br><br>                        v.<br><br>NAVIN CHANDRA NAIDU, et al.,<br><br>        Defendants. | Civil Action No.<br>1:21-cv-00832-SDG |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Qadriyyah Sabreen El' Amin Bnt Abdullah Bey's motion for service [ECF 10]; revised motion for service [ECF 11]; motion to strike [ECF 12]; motion for issuance of subpoena [ECF 15]; revised motion for issuance of subpoena [ECF 19]; motion for extension of time to complete service [ECF 21]; and motion for default judgment against Defendant Lily Matthews [ECF 27]. For the following reasons, the Court **GRANTS IN PART** Abdullah Bey's motions for service; **DENIES** her motion to strike; **GRANTS IN PART** her motions for issuance of subpoenas; **GRANTS IN PART** her motion for an extension of time to complete service; and **GRANTS** her motion for default judgment against Matthews.

## I.      BACKGROUND

Abdullah Bey, appearing *pro se* and proceeding *in forma pauperis*,[1] initiated this action against Navin Chandra Naidu, Mathews, and Kinta Valley Knowledge Village, for allegedly defrauding her, and countless others, by claiming to be able to monetize birth and death certificates.[2] As alleged, Abdullah Bey paid Defendants $129,550.00 to invest in a private placement program (PPP) for the birth and death certificates, for establishment of a foreign trust, and for a tribal membership.[3] Abdullah Bey has asserted claims for fraud and conspiracy,[4] breach of contract,[5] and larceny by trick,[6] and seeks compensatory, emotional, and punitive damages, as well as injunctive relief.[7]

Thus far, Abdullah Bey has been unable to complete service on Naidu or Kinta Valley Knowledge Village. On June 15, 2021, Matthews was properly served

---

[1]   ECF 6.

[2]   ECF 17, ¶¶ 12–24.

[3]   *Id.* ¶ 24.

[4]   *Id.* ¶¶ 45–50.

[5]   *Id.* ¶¶ 51–54.

[6]   *Id.* ¶¶ 55–61.

[7]   *Id.* at 10–11 (prayer for relief).

by a Deputy Sherriff of King County, Washington.[8] On Abdullah Bey's motion,[9] the Clerk entered default against Matthews on July 7, 2021. Abdullah Bey moved for default judgment against Matthews on August 13, 2021.[10] Matthews filed a notice of *pro se* appearance on August 18, 2021,[11] but has neither responded to Abdullah Bey's Third Amended Complaint nor moved to set aside default.

Abdullah Bey has also filed three motions related to service,[12] two motions for issuances of subpoenas,[13] and a motion to strike a filing by a non-party, the Secamtektek Tribe.[14]

## II.   MOTION FOR DEFAULT JUDGMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or

---

[8]   ECF 22.

[9]   ECF 23.

[10]   ECF 27.

[11]   ECF 28.

[12]   ECF 10; ECF 11; ECF 21.

[13]   ECF 15; ECF 19.

[14]   ECF 12.

otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2). *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment.").

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pled factual allegations contained in a complaint. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citations and punctuation omitted). An entry of a default by the Clerk, however, does not automatically warrant the Court's entry of default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). Thus, "[w]hen considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1304 (N.D. Ga. 2017). *See also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Conceptually . . . a motion for default judgment is like a reverse motion to

dismiss for failure to state a claim."). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

### B.  Discussion

Abdullah Bey asserts claims against Matthews for fraud,[15] breach of contract,[16] and larceny by trick.[17] Abdullah Bey alleges that she wired money intended for the PPP directly to Matthews as the "accounts person" for the program at Naidu's instruction,[18] and that Matthews conspired with Naidu to perpetuate the fraudulent PPP scheme.[19] Abdullah Bey seeks to recover the $129,550.00 she paid to Defendants, as well as emotional and punitive damages,[20] but she also seeks nearly $1 billion for the amount Defendants promised her she would earn through the PPP program.[21]

---

[15]  ECF 17, ¶¶ 45–50.

[16]  *Id.* ¶¶ 51–54.

[17]  *Id.* ¶¶ 55–61.

[18]  *Id.* ¶¶ 22–24.

[19]  *Id.* ¶ 47.

[20]  *Id.* ¶¶ 50, 54, 60.

[21]  *Id.* ¶ 42.

Abdullah Bey is proceeding *pro se*, and the Court recognizes that filings by *pro se* litigants are "held 'to a less stringent standard than formal pleadings drafted by lawyers.'" *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). *Pro se* litigants are not exempt, however, from the Federal Rules of Civil Procedure, including Rules 8 and 55. *Tara Prods., Inc.*, 449 F. App'x at 910. In considering Abdullah Bey's motion for default judgment, the Court will construe the Third Amended Complaint leniently. The Court finds that Abdullah Bey is entitled to default judgment against Matthews on her fraud claims, but not breach of contract.

### 1.    Fraud

Under Georgia law,[22] the tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. *Bowden*

---

[22] "In a diversity action such as this one, a federal court must apply the choice-of-law principles of the state in which it sits." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).  Georgia courts apply the rules of *lex loci contractus* and *lex loci delecti* in addressing choice of law issues. *Rayle Tech, Inc. v. DEKALB Swine Breeders, Inc.*, 133 F.3d 1405, 1409 (11th Cir. 1998). Under these rules, respectively, contract disputes are governed by the "substantive law of the state where the contract was made" and tort disputes are "governed by the substantive law of the state where the tort was committed." *Id.*  All of the events at issue here allegedly took place in Georgia, so the Court will apply Georgia law to each claim.

*v. Med. Ctr., Inc.*, 309 Ga. 188, 199 n.10 (2020) (quoting *Crawford v. Williams*, 258 Ga. 806, 806 (1989)). A party alleging fraud in federal court "must state with particularity the circumstances constituting fraud or mistake," but may allege intent generally. Fed. R. Civ. P. 9(b). "This heightened-pleading standard amplifies rather than abrogates the notice-pleading requirements of Rule 8(a)." *C & C Fam. Tr. 04/04/05 ex rel. Cox-Ott v. AXA Equitable Life Ins. Co.*, 44 F. Supp. 3d 1247, 1253 (N.D. Ga. 2014), *aff'd sub nom.* 654 F. App'x 429 (11th Cir. 2016). To satisfy Rule 9(b), "the plaintiff must plead facts that when taken as true establish the who, what, when, where, how and why of the fraud." *Id.*

Moreover, "a false representation made by a defendant, to be actionable, must relate to an existing fact or a past event. Fraud cannot consist of mere broken promises, unfulfilled predictions or erroneous conjecture as to future events." *Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1364 (N.D. Ga. 2006) (quoting *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir. 2003)). "[P]arties are not justified in relying upon representations that are 'general commendations or mere expressions of opinion, hope, expectation and the like.'" *Id.* (quoting *Anderson v. Atlanta Comm. for the Olympic Games*, 261 Ga.App. 895, 900 (2003)).

In support of her fraud claim, Abdullah Bey alleges that Defendants fraudulently represented that they could monetize birth and death certificates for substantial returns.[23] Abdullah Bey paid $129,550.00, including bank wire and administration fees, to invest in the PPP,[24] to set up a foreign trust account where the PPP returns were to be deposited,[25] and for a "tribal membership."[26] Abdullah Bey communicated mostly with Naidu, but was instructed to wire portions of the payments to Matthews.[27] Abdullah Bey attached to her motion for default judgment communications, allegedly between her and Naidu, in which she was instructed to send payments either to Matthews or to overseas bank accounts,[28] as well as receipts from her wire transfers to Matthews.[29] As alleged, Defendants did not actually use the money to invest in the monetization of birth and death

---

[23]  ECF 17, ¶¶ 12–14.

[24]  *Id.* ¶ 24.

[25]  *Id.* ¶ 15.

[26]  *Id.* ¶ 18.

[27]  *Id.* ¶¶ 22–23.

[28]  ECF 27-2, at 73–76.

[29]  ECF 27-2, at 66–71.

certificates, to open a foreign trust account, or to secure a tribal membership on Abdullah Bey's behalf.[30]

The allegations in the Third Amended Complaint are sufficient to show that Defendants made false representations to Abdullah Bey with the intent to induce her to pay a large sum of money for fraudulent services, and that she relied on those false representations to her detriment. These allegations are also sufficient to show that Abdullah Bey justifiably relied on Defendants' representations that they were able to monetize death and birth certificates and would set up a foreign trust and a tribal membership on her behalf. Abdullah Bey has stated a claim for fraud, and she is entitled to default judgment against Matthews on this claim.

### 2.    Breach of Contract

The Court finds, however, that Abdullah Bey has failed to state a claim for breach of contract against Matthews. Abdullah Bey alleges that Matthews breached an implied contract by keeping the money that Abdullah Bey wired to Matthews.[31] First, under Georgia law, a party cannot recover for both fraud and breach of contract where, as here, the alleged fraud induced the party to enter into the contract. *Woodhull Corp. v. Saibaba Corp.*, 234 Ga. App. 707, 711 (1998).

---

[30]    ECF 17, ¶ 47.

[31]    *Id.* ¶ 53.

Moreover, Abdullah Bey cannot assert a claim for breach of contract against Matthews because there are no allegations that indicate how Matthews "manifested an intent" to use the money as Abdullah Bey intended. Abdullah Bey's communications were only with Naidu or Kinta Valley Knowledge Village.[32] *Purvis v. Aveanna Healthcare, LLC*, No. 1:20-CV-02277-LMM, 2021 WL 5230753, at *15 (N.D. Ga. Sept. 27, 2021) (to recover on implied contract, facts and circumstances must demonstrate a manifested intent by both parties as to the terms of the contract). At most, Matthews acted as Naidu or Kinta Valley Knowledge Village's agent, and "[g]enerally, where two parties contract and a suit is filed for the breach thereof, the agent of the contracting party is not liable for h[er] principal's default." *Key v. Bagen*, 136 Ga. App. 373, 374 (1975). Abdullah Bey is not entitled to default judgment on her breach of contract claim as alleged against Matthews.

### 3. Larceny by Trick

Abdullah Bey's third cause of action is larceny by trick. Larceny by trick is not a civil cause of action under Georgia law, but civil theft is. O.C.G.A. § 51-10-6 ("Any owner of personal property shall be authorized to bring a civil action to

---

[32]  *Id.* ¶ 22.

recover damages from any person who . . . commits a theft as defined in Article 1 of Chapter 8 of Title 16 involving the owner's personal property."). As described in O.C.G.A. § 16-8-13, a person commits "theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." Accordingly, Abdullah Bey can recover for civil theft if Matthews intentionally obtained her personal property by deceptive means.

Under Georgia law, "[w]hile money constitutes personal property, money is intangible personalty that is fungible, because it belongs to a class of property which cannot be differentiated by specific identification unless there has been created a specific fund that has been set aside from other money." *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 359 (2001). In an action for civil theft or conversion of money, the plaintiff must demonstrate ownership by showing that "such money must comprise a specific, separate, identifiable fund to support an action for conversion." *Id.* A specific amount of money disbursed through a wire transfer is specific and identifiable. *Trey Inman & Assocs., P.C. v. Bank of Am.*, N.A., 306 Ga. App. 451, 458 (2010).

The Third Amended Complaint sufficiently alleges that Matthews obtained a portion of the $129,550.00 paid to Defendants via wire transfer and did so by deceiving Abdullah Bey into believing that the money would be spent on PPP

investments.[33] Further, the claim sufficiently alleges that Matthews did so with the intent to deprive Abdullah Bey of this money.[34] Abdullah Bey is entitled to default judgment on what the Court construes as a claim for civil theft.

### 4. Damages

Though the allegations related to liability are deemed admitted for purposes of default judgment, a defendant in default does not admit allegations relating to the amount of damages. *Frazier*, 767 F. Supp. 2d at 1365. If a defendant seeking a default judgment requests an "uncertain or speculative damage amount, a court has an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

Abdullah Bey is entitled to compensatory damages from Matthews on her claims for fraud and civil theft. Both causes of actions also allow for punitive damages. O.C.G.A. § 51-12-5.1(b) ("Punitive damages may be awarded only in

---

[33]  *Id.* ¶¶ 22–24.

[34]  *Id.* ¶¶ 56–59.

such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."). The Court cannot, however, award compensatory or punitive damages to Abdullah Bey based on the present record.

Abdullah Bey must, therefore, submit evidence, supported by sworn affidavit, demonstrating the amount of damages she seeks from Matthews. The evidence Abdullah Bey submits should allow the Court to calculate the compensatory damages and provide a basis for punitive damages, and such evidence should relate solely to her fraud and civil theft claims. Abdullah Bey will not be entitled to recover for the alleged breach of contract, and the Court further instructs Abdullah Bey that the amount of damages she seeks cannot be speculative and must be grounded in both law and fact.

### III.    MISCELLANEOUS MOTIONS

Also before the Court are Abdullah Bey's motions for service and for an extension of time to complete service,[35] her motion to strike,[36] and her motions for issuance of subpoenas.[37] The Court will address each in turn.

### A.    Motions for Service

In her first and revised motions for service, Abdullah Bey requests that the Court order service to be made on Matthews pursuant to Federal Rule of Civil Procedure 4(c)(3) and allow service to be made by mail on Naidu pursuant to Rule 4(f) because he resides in Malaysia. As Matthews has been served, Abdullah Bey's motions under Rule 4(c)(3) are denied as moot.

With respect to service on Naidu, under Rule 4(f), an individual outside of any judicial district of the United States may be served by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention," or "if there is no internally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice." Malaysia is not a party to the

---

[35]    ECF 10; ECF 11; ECF 21.

[36]    ECF 12.

[37]    ECF 15; ECF 19.

Hague Convention, and so the Court may permit service by other reasonably calculated means. Abdullah Bey requests that the Court direct the Clerk to mail a copy of the Summons and the Third Amended Complaint to Naidu's address in Malaysia pursuant to Rule 4(f)(2)(C)(ii), which allows service "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," unless prohibited by the foreign country's laws.

The Court finds that service on Naidu via the means provided in Rule 4(f)(2)(C)(ii) is appropriate. *See Dee-K Enterprises Inc. v. Heveafil Sdn. Bhd.*, 174 F.R.D. 376, 380 (E.D. Va. 1997) (denying Malaysian defendant's motion to dismiss for insufficient process because the record failed to show that service by certified mail dispatched by the clerk of court expressly violated Malaysian law); *Ziegler v. Subalipack (M) SDN BHD*, No. CV H-16-2598, 2018 WL 2933349, at *3 (S.D. Tex. June 12, 2018) (service to Malaysian defendant via international mail with return receipt requested was proper method of service). Accordingly, Abdullah Bey's renewed motion for service on Naidu by means of international mail is granted, as is her motion for an extension of time to complete service through this method.

Abdullah Bey has not provided the Court with any information about whether she has even attempted service on Kinta Valley Knowledge Village to

date, so the Court will not grant her additional time to do so at this time.[38] The Court will, however, provide Abdullah Bey with an opportunity to explain her efforts of service.

**B.      Motion to Strike**

On April 22, 2021, the Secamtektek Tribe, a non-party, filed a letter with the Court stating that it has tribal immunity from suit and requesting that the Court instruct Abdullah Bey to file her complaint in its tribal government's court of equity.[39] Abdullah Bey filed a response arguing that the Secamtektek Tribe is not a legitimate tribal government, that Naidu is fraudulently attempting to avoid liability and cause delay through the Tribe's actions, and that, regardless, she is not suing the Secamtektek Tribe and so its attempt to derail this suit is improper.[40] Abdullah Bey requests that the Court strike the filing.[41]

Abdullah Bey's point is well taken that the Secamtektek Tribe, regardless of its authenticity, is not a party to these proceedings. The Court has not, and will

---

[38]  It is not clear from the Third Amended Complaint whether Kinta Valley Knowledge Village is a legal entity capable of being sued or an alter ego of Naidu. ECF 17, ¶ 9.

[39]  ECF 9.

[40]  ECF 12.

[41]  *Id.* at 6.

not, consider any of the relief requested in the letter. "But motions to strike are only appropriately addressed towards matters contained in the pleadings." *Polite v. Dougherty Cty. Sch. Sys.*, 314 F. App'x 180, 184 (11th Cir. 2008) (citing Fed. R. Civ. P. 7(a) and 12(f)). The letter filed by the Secamtektek Tribe is not a pleading and, therefore, Abdullah Bey's motion to strike is denied.

### C.   Motions for Subpoenas

Finally, Abdullah Bey moves for issuance of subpoenas to the compliance department at Godaddy.com;[42] to Name Cheap, Inc.;[43] Network Solutions;[44] a UPS Store in Detroit, Michigan;[45] and the United States Citizenship and Immigration Services (USCIS).[46]

The Court notes that the discovery period in this case has not begun because no Defendant has filed an answer. Generally, the issuances of subpoenas are not permitted prior to discovery. *See Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011) (noting that most courts in this Circuit "consider subpoenas issued under Rule 45 to constitute discovery and, thus, are

---

[42]   ECF 15-1.

[43]   ECF 15-2.

[44]   ECF 15-3.

[45]   ECF 15-4.

[46]   ECF 15-5.

subject to discovery deadlines established by the Court"). Further, given Abdullah Bey's *pro se* status, the Court must ensure that she is properly invoking the Court's subpoena power. *See also Harris v. SCMPD (CNT Agents)*, No. CV417-154, 2018 WL 1863648, at *2, n.1 (S.D. Ga. Apr. 18, 2018) (noting that supervision of *pro se* cases is required to prevent abuse of subpoena power).

The Court finds that the first four subpoenas sought by Abdullah Bey are appropriate for this stage of the litigation, given that Matthews is in default and Naidu has yet to be served. The first three subpoenas, to Godaddy.com, Name Cheap, Inc., and Network Solutions, seek documents related to the identity of the owners of the website domains used to further the alleged fraud.[47] The subpoenas are limited in scope and could assist Abdullah Bey in locating Naidu and any others who participated in the alleged fraud. The fourth subpoena seeks information about the owner of a UPS mailbox utilized by the Secamtektek Tribe,[48] and similarly could help Abdullah Bey locate Naidu or others involved in the alleged fraud.

The fifth subpoena Abdullah Bey seeks to issue, however, is unnecessary and inappropriate. Abdullah Bey seeks immigration information from USCIS

---

[47]   ECF 15-1, at 4; ECF 15-2, at 4; ECF 15-3, at 4.

[48]   ECF 15-4, at 4.

about Matthews and Naidu.[49] Abdullah Bey has not demonstrated why this information is useful and necessary at this stage in the litigation. The Court will deny her motions with respect to the subpoena to USCIS.

## IV.    CONCLUSION

The Court **GRANTS** Abdullah Bey's motion for default judgment against Matthews [ECF 27] as to liability on her fraud and civil theft (labeled as larceny by trick) claims. The Court **ORDERS** Abdullah Bey, within fourteen days of entry of this Order, to submit evidence, supported by affidavit, demonstrating the amount of compensatory and punitive damages that she seeks from Matthews.

The Court **GRANTS IN PART** Abdullah Bey's revised motion for service [ECF 11] and **DENIES AS MOOT** her original motion for service [ECF 10]. The Clerk is **DIRECTED** to mail a copy of the Third Amended Complaint [ECF 17] and Summons [ECF 19], requiring a signed receipt, via international mail to:

> Navin Chandra Naidu
> The Club Condominium, No. B-2-11
> Laluan Harimau
> 31400 Ipoh,
> Perak, Malaysia

Considering her IFP status, Abdullah Bey will not be responsible for the cost of international mail. International service will be at the Court's expense.

---

[49]    ECF 15-5, at 4.

The Court **GRANTS IN PART** Abdullah Bey's motion for extension of time to complete service [ECF 21]. Abdullah Bey is granted an extension of 60 days to complete service on Naidu.

The Court **DENIES without prejudice** Abdullah Bey's motion for an extension of time to serve Kinta Valley Knowledge Village and **ORDERS** her, within fourteen days of entry of this Order, to explain her attempts to serve Kinta Valley Knowledge Village to date and to demonstrate, with evidentiary support, that Kinta Valley Knowledge Village is a legal entity capable of being sued. Failure to do so will result in Kinta Valley Knowledge Village's dismissal from this action with prejudice.

The Court **GRANTS IN PART** Abdullah Bey's motion for issuance of subpoenas [ECF 15] and **DENIES AS MOOT** her revised motion [ECF 19], which did not attach the proposed subpoenas or otherwise describe them. Abdullah Bey's motion is granted with respect to Godaddy.com [ECF 15-1], Name Cheap, Inc. [ECF 15-2], Network Solutions [ECF 15-3], and the UPS store located in Detroit, Michigan [ECF 15-4]. The Clerk is **DIRECTED** to issue four blank subpoena forms to Abdullah Bey. Abdullah Bey is **ORDERED** to fill out the forms consistent with this Order and submit them to the Clerk for signatures. Abdullah Bey's motion for issuance of a subpoena to USCIS is **DENIED without prejudice**.

The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Lily

Matthews at the address listed on the docket.

**SO ORDERED** this 30th day of March, 2022.

_____
Steven D. Grimberg
United States District Court Judge