IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QADRIYYAH SABREEN EL' AMIN BNT ABDULLAH BEY, <br><br> Plaintiff, <br><br> v. <br><br> LILY MATHEWS, <br><br> Defendant. | Civil Action No. <br> 1:21-cv-00832-SDG |

**OPINION AND ORDER**

This matter is before the Court on the damages portion of Plaintiff Qadriyyah Sabreen El' Amin Bnt Abdullah Bey's motion for default judgment. The Court previously entered a default judgment against Lily Mathews [ECF 29], finding her liable for fraud and civil theft (labeled as larceny by trick). The Court then ordered Abdullah Bey to submit evidence demonstrating the amount of damages she seeks from Mathews, which Bey submitted thereafter [ECF 31-1]. After reviewing the evidence, the Court awards Bey $104,892.00 in damages.

Abdullah Bey, appearing *pro se* and proceeding *in forma pauperis*, initiated this action against Navin Chandra Naidu, Mathews, and Kinta Valley Knowledge Village, for defrauding her, and countless others, by claiming to be able to monetize birth and death certificates. Abdullah Bey alleges she paid Defendants to invest in a private placement program (PPP) for the birth and death certificates, for establishment of a foreign trust, and for a tribal membership. To that end, she

1

wired money intended for the PPP directly to Mathews as the "accounts person" for the program at Naidu's instruction, and attests that Mathews conspired with Naidu to perpetuate the fraudulent PPP scheme.

Though the allegations related to liability are deemed admitted for purposes of default judgment, a defendant in default does not admit allegations relating to the amount of damages. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011). If a plaintiff seeking a default judgment requests an "uncertain or speculative damage amount, a court has an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Because the Court had insufficient evidence to determine the damages owed to Abdullah Bey at the time it granted the default judgment, the Court directed Abdullah Bey to submit evidence demonstrating the amount she claims she is owed.[1]

Abdullah Bey submitted numerous documents as evidence of her damages.[2] She provided the Court with ten separate wire transfer receipts, some sent directly

---

1    ECF 29.

2    ECF 31-1.

to Mathews and all in connection with the fraudulent scheme in which Mathews was participating. According to those receipts, Abdullah Bey transferred the following amounts[3]:

- June 9, 2017— $5825;
- June 28, 2017—$7,175;
- July 18, 2017— $4,830;
- July 28, 2017—$1,600 and $1,630;
- September 13, 2017—$500;
- October 16, 2017—$25,110;
- November 6, 2017—$26,560 and $2,500; and
- December 21, 2017—$29,060.

Each wire transfer is connected to Kinta Valley Knowledge Village, the main fraudulent entity. Abdullah Bey also submitted a receipt from the Kings County Sheriff's Office for $102, which demonstrates the cost of service for the summons and complaint on Mathews.[4] Finally, she submitted a sworn affidavit attesting to her losses.[5]

---

[3] ECF 31-1, Exh. A.

[4] *Id.*

[5] ECF 31-1.

3

Abdullah Bey is entitled to $104,892.00 in damages from Matthews on her claims for fraud and civil theft. The record demonstrates that Abdullah Bey was defrauded out of this amount and that Mathews was a critical part of the fraudulent scheme and is thus responsible for the entire amount. *See Compulife Software, Inc. v. Newman*, 111 F.4th 1147, 1163 (11th Cir. 2024) ("Joint and several liability's whole purpose is to treat the defendants as equally responsible, regardless of their fault.").

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Qadriyyah Sabreen El' Amin Bnt Abdullah Bey and against Defendant Mathews in the amount of **$104,892.00**. The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 26th day of September, 2024.

                                                                                          *[signature]*
                                                                                          Steven D. Grimberg
                                                                                          United States District Judge